## WINTERBOTTOM-CONNELLY CO v BUTLER

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided December 24, 1931

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, and George M. Cottrell, Cleveland, for plaintiff in error.

Joseph B. Keenan, Cleveland, for defendant in error.

72 **Oh St, page 586.** The rigid doctrine laid down in the Lockwood case was considerably modified in what is known as the **Telinde case, 109 Oh St 125.**

It may be stated that the law now is that the question of adequacy or inadequacy of the charge by the court is a matter that can be decided only with reference to the facts of each particular case, the issues raised therein on the pleadings, and the testimony. While we do not approve of the charge of the court in the instant case, yet we believe that under the facts of this case it is apparent that substantial justice was done which would require an affirmance of the judgment.

Regardless of the imperfections found in the charge, taking the case as a whole, we are of the opinion that the jury fully understood what the issues were and that it rested its verdict upon facts which, in our opinion, were sufficient to sustain the verdict.

We may add that at the conclusion of the court's charge to the jury, the court inquired of counsel if either counsel had anything to suggest. Some minor suggestions were made but the court's attention was not called to the present urgent claim of error, namely, that the court failed to define the issues under the pleadings.

It seems to us that a duty devolved upon counsel to call the court's attention to any substantial error which is now claimed in argument and that the failure upon the part of counsel to comply with the suggestion of the court, if it does not amount to a waiver of claims of error at least so far weakens the position of counsel as not to require a serious consideration of the present claim of error.

Holding as we do, the judgment will be affirmed.

WEYGANDT and VICKERY, JJ, concur.

**LEVINE, PJ.**

Analyzing the claims of error urged in this court, we find that the chief argument for reversal rests upon the alleged failure of the court to define the issues in this case. That this constitutes reversible error upon the authority of the **Lockwood case,**